UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RANDY A. WALKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 4:16cv33 |
| | ) |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB), as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield, supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of August 15, 2002 through his date last insured of December 31, 2007 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following medically determinable impairments: gout and alcoholism (20 CFR 404.1521 *et seq.*)

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

5. The claimant was not under a disability, as defined in the Social Security Act, at any time from August 15, 2002, the alleged onset date, through December 31, 2007, the date last insured (20 CFR 404.1520(c)).

(Tr. 19-23)

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on September, 2016. On October 17, 2016, the defendant filed a memorandum in support of the Commissioner's decision. A reply has not been filed. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"?

> (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); *accord Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step two was the determinative inquiry.

Plaintiff filed applications for Disability Insurance Benefits on October 3, 2012 alleging disability beginning August 15, 2002. The claims were denied initially and on reconsideration, and by an Administrative Law Judge ("ALJ") on January 29, 2015. (AR 436.) Plaintiff requested review by the Appeals Council, but was denied, leaving the ALJ's decision the final decision of the Commissioner of Social Security.

The pertinent medical record is as follows. On November 17, 2003, Plaintiff sought treatment for right foot pain, swelling, and difficulty walking (Tr. 323). On examination, Plaintiff had some right foot tenderness, and testing revealed he had gout (Tr. 280, 323). Plaintiff sought a refill for his gout medication in July 2005 (Tr. 321).

On November 2, 2005, Plaintiff presented for emergency treatment for abdominal pain (Tr. 297-298). Examinations revealed that Plaintiff had a full range of motion in the joints, no extremity edema, and 5/5 motor strength (Tr. 298, 301). Plaintiff was discharged from inpatient treatment on November 6, 2005 (Tr. 295). During his inpatient treatment, Plaintiff had not taken colchicine, which is a medication that treats and prevents gout (Tr. 295). His feet showed

no redness, swelling, or heat and had some tenderness to palpation, which was not consistent with gout, and his uric acid level was only slightly elevated (Tr. 295). Plaintiff was diagnosed with acute alcoholic pancreatitis and gout and discharged in stable condition (Tr. 295-296). On November 25, 2005, Plaintiff had left foot tenderness, no swelling or edema, and no evidence of gout (Tr. 321).

On January 10, 2006, Plaintiff presented to R. Newton, M.D., for a consultative examination. Plaintiff was in no acute distress, could get on and off the examination table without difficulty or assistance, did not use an assistive device, had a normal gait and station without sign of ataxia or unsteadiness, could not walk on heels and toes, had pain with palpitation of the left foot joints, had 5/5 motor strength, and had a full range of motion in all joints (Tr. 306-307, 309). Dr. Newton diagnosed Plaintiff with gout, post pancreatitis, hypertension, and tobacco abuse (Tr. 308).

On December 7, 2007, Michael Lockwood, M.D., observed that Plaintiff had a tender left ankle, right ankle tenderness with some swelling, right forefoot and great toe tenderness, and 5/5 motor strength (Tr. 318). Dr. Lockwood noted that Plaintiff's gout was intercritical and not active (Tr. 318).

In support of remand or reversal, the Plaintiff first argues that the ALJ erred by finding that Plaintiff's gout was not a severe impairment. At step two, the claimant has the burden to prove that his impairment is severe by showing that the impairment significantly limits his ability to perform basic work activities. *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010). In the present case it is clear that Plaintiff failed to satisfy his burden to show that his gout was a severe impairment during the relevant period.

Plaintiff argues that medical records and lab results are consistent with his alleged recurrent gout during the relevant period. However, the ALJ acknowledged that Plaintiff did experience gout symptoms during the relevant period and in fact noted that Plaintiff's gout was medically determinable (Tr. 19). But merely being diagnosed with and having some symptoms of an impairment are insufficient to satisfy the severity standard. *Hernandez v. Astrue*, 277 F.App'x 617, 624 n. 2 (7th Cir. 2008). Rather, after reviewing all relevant evidence, the ALJ properly found that Plaintiff's gout was not a severe impairment (Tr. 20-22). The ALJ noted that the record contained no medical evidence until November 2003, over a year after Plaintiff alleged he became disabled, and then observed that Plaintiff's next treatment for gout did not occur until one and a half years later in July 2005 (Tr. 22, 280, 321, 323). While Plaintiff presented for treatment for gout in November 2005, the ALJ noted that Plaintiff did not do so again until two years later in December 2007 (Tr. 22, 295, 317-318, 321). Plaintiff's sporadic treatment history supports the ALJ's determination that Plaintiff's gout was not disabling. *See Luna v. Shalala,* 22 F.3d 687, 691 (7th Cir. 1994) (ALJ may consider a claimant's failure to seek medical treatment).

Further, the examination records the ALJ cited show that Plaintiff had a full range of motion in his joints, no extremity edema, 5/5 motor strength, and normal gait and station without sign of ataxia or unsteadiness (Tr. 22, 298, 301, 306-307, 309). Additionally, Plaintiff's gout was intercritical and not active in December 2007 (Tr. 22, 318). This evidence is inconsistent with Plaintiff's claims of prolonged and disabling gout. *See Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) (ALJ may consider discrepancies between objective medical evidence and a claimant's complaints).

Moreover, the ALJ properly considered Plaintiff's inconsistent statements about his gout.

6

For example, while Plaintiff testified that he sought treatment when he had gout flare-ups, the ALJ noted that Plaintiff sought treatment specifically for gout only four times in the over five-year relevant period (Tr. 21, 280, 317, 321, 323). Additionally, the ALJ observed that while Plaintiff testified that he had one gout flare-up in 2007 and two or three flare-ups in 2006, he also stated that he had continual flare-ups for three months at a time (Tr. 21, 42-43, 46-47). Notably, while Plaintiff stated that he could not walk during his alleged continuous gout flare-ups, he also testified that he worked during the relevant period as a plumber (Tr. 21, 42-45). An ALJ may consider a claimant's inconsistent statements about his symptoms and pain. *Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989).

Plaintiff also contends that the ALJ erred by "playing doctor" and failing to use a medical expert. However, it is clear that the ALJ did not "play doctor," but rather properly assessed the medical and non-medical record evidence and based his decision on the entire record, which record supports the ALJ's conclusion that Plaintiff had no severe impairments during the relevant period. *See Diaz v. Chater*, 55 F.3d 300, 306 n. 2 (7th Cir. 1995) (ALJ has responsibility to assess medical and non-medical evidence and resolve any conflicts). Moreover, the ALJ was not required to seek medical expert opinion evidence because the record evidence was already adequate for the ALJ to make a well-supported decision. *See Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (ALJ not required to call medical expert when evidence was adequate for the ALJ to find claimant not disabled).

Likewise, contrary to Plaintiff's argument, the ALJ's decision shows that the ALJ considered all relevant evidence and constructed a logical bridge between the evidence and his conclusion that Plaintiff did not have a severe impairment during the relevant period. *See*

*Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (ALJ must build logical bridge from the evidence to conclusion).

Plaintiff next argues that the ALJ's credibility determination was flawed. However, the record also shows that substantial evidence supports the ALJ's credibility determination. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible for the reasons explained in his decision (Tr. 21). "An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek*, 390 F.3d at 504. The ALJ's credibility finding was sufficiently articulated and supported by substantial evidence (Tr. 20-22). The regulations and Social Security Ruling (SSR) 96-7p set forth the Agency's policy for evaluating a claimant's symptoms and assessing the credibility of his statements. In the present case, the ALJ reasonably articulated and considered the evidence as it applied to the factors set forth in the regulations and SSR 96-7p (Tr. 20-22).

Plaintiff argues that the ALJ's credibility analysis was deficient because he did not consider Plaintiff's work history and relied too heavily on Plaintiff's gaps in treatment without justification. Although the ALJ did not discuss Plaintiff's work history prior to his alleged disability onset date, the ALJ did note that Plaintiff continued to work as a self-employed plumber during the relevant period (Tr. 21, 44-45). Plaintiff's ability to work after he claims he became completely disabled undermines his credibility. An ALJ may consider a claimant's work history during the relevant period. *Berger v. Astrue*, 516 F.3d 539, 546 (7th Cir. 2008).

The ALJ also properly considered that Plaintiff's lack of treatment throughout the relevant

8

period belied his claims of disabling impairments. The ALJ noted that Plaintiff sought treatment specifically for gout only four times in the over five-year relevant period (Tr. 21, 280, 317, 321, 323). An ALJ may properly consider a claimant's treatment history when evaluating credibility. *Dixon v. Massanari*, 270F.3d 1171, 1179 (7th Cir. 2001); *see also Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009)("regulations expressly permit the ALJ to consider a claimant's treatment history," and the ALJ's assessment of that history is entitled to deference).

Plaintiff argues that the ALJ's failure to consider the reasons for Plaintiff's lack of treatment warrants remand. But Plaintiff fails to articulate any concrete reason for his sporadic and minimal treatment. In any event, Plaintiff's failure to seek consistent treatment was just one of several factors the ALJ considered when finding Plaintiff less than fully credible. Plaintiff therefore shows no reversible error. *See Kittelson v. Astrue*, 362 F.App'x. 553, 558 (7th Cir. 2010) (ALJ should have considered the reasons for claimant's lack of treatment; however, ALJ's error in credibility analysis is harmless when ALJ articulates other reasons for adverse credibility determination).

The ALJ also found that Plaintiff's complaints were inconsistent with the medical evidence (Tr. 21-22). Examination records the ALJ cited show that Plaintiff had a full range of motion in his joints, no extremity edema, 5/5 motor strength, and normal gait and station without sign of ataxia or unsteadiness (Tr. 22, 298, 301, 306-307, 309). Furthermore, Plaintiff's gout was intercritical and not active in December 2007 (Tr. 22, 318). This evidence is inconsistent with Plaintiff's claims of disabling gout. *See Getch*, 539 F.3d at 483 (ALJ may consider discrepancies between objective medical evidence and a claimant's complaints).

In addition, the ALJ observed that Plaintiff made several inconsistent statements about

9

his symptoms, treatment, and abilities. While Plaintiff testified that he sought treatment when he had gout flare-ups, the ALJ noted that Plaintiff sought treatment specifically for gout only four times in the over five-year relevant period (Tr. 21, 280, 317, 321, 323). The ALJ also observed that while Plaintiff testified that he had one gout flare-up in 2007 and two or three flare-ups in 2006, he also stated that he had continual flare-ups for three months at a time (Tr. 21, 42-43, 46-47). And while Plaintiff stated that he could not walk during his alleged continuous gout flare-ups, he also testified that he worked during the relevant period as a plumber (Tr. 21, 42-45). An ALJ may consider a claimant's inconsistent statements about his symptoms and pain. *Anderson*, 868 F.2d at 927.

The ALJ also observed that Plaintiff's sister stated that Plaintiff took care of his daughter, drove, and could go out by himself (Tr. 21, 207, 210). An ALJ may consider a claimant's daily activities in the credibility analysis. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990) (claimant's ability to care for self and child conflicted with allegations of disabling symptoms).

This court finds that the ALJ gave well-supported reasons based on the evidence of record for finding Plaintiff's allegations of disabling pain not credible. This Court "defer[s] to an ALJ's credibility determination and shall overturn it only if it is patently wrong. [It] therefore should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch*, 539 F.3d at 483 (citation and internal quotation omitted). The ALJ's credibility finding in this case is fully supported. Therefore, for all the foregoing reasons, the ALJ's decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: December 20, 2016.

s/ William C. Lee
William C. Lee, Judge
United States District Court